IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA TAMEZ | § | |
|     *Plaintiff* | § | |
| V. | § | CIVIL ACTION NO. 7:14-193 |
| | § | |
| TA HSIN, INC., | § | |
|     *Defendant* | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW MARIA TAMEZ, hereinafter referred to as "Plaintiff," complains of TA HSIN, INC., hereinafter referred to as "Defendant," and would show the court as follows:

A.  Right to Amend Complaint as a Matter of Course

1.  This is Plaintiff's first time to amend this complaint in federal court.  Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure a party may amend its pleadings as a matter of course within 21 days after service of a motion under Rule 12(b).  Defendants filed their Motion to Dismiss pursuant to Rule 12(b) on May 22, 2014.  The court struck their motions and Defendants refiled their motions on May 29, 2014.  Plaintiff is within Rule 15(a)(1)(B) time line to amend her pleadings as a matter of course.

B.  Parties

2.  Plaintiff is a resident of Hidalgo County, Texas.

3.  Defendant, TA HSIN, INC. is a Texas domestic corporation and has been served and answered herein.

4.  Plaintiff is no longer seeking at this time to assert a cause of action against NANCY H.

# EXHIBIT 1

TSENG or WILLIAM TSENG.

### C. Jurisdiction

5       There is no subject matter jurisdiction under 28 U.S.C. §1331 because there is no longer a claim under the Federal Labor Standards Act. In addition there is no subject matter jurisdiction under 28 U.S.C. §1332 because there is no diversity of citizenship. All parties to the suit reside in Texas.

6.      Venue is proper in Hidalgo County, Texas, pursuant because all or a substantial part of the events or omissions giving rise to the claims arose in Hidalgo County, and because one or more defendants did then and do now reside in Hidalgo County, Texas.

### D. Facts

7.      Defendant TA HSIN, INC., its agents, servants and/or employees were in control of the premises located at 1015 N. Texas Blvd., Weslaco, Hidalgo County, Texas 78596, on or about February 24, 2013. Plaintiff would show that although Defendant TA HSIN, INC has employees in excess of the number required under the law and would otherwise qualify to become a subscriber under the Texas Workers' Compensation Act, thereby covering the Plaintiff and her fellow employees with workers' compensation insurance, said Defendant (employer) had no workers' compensation insurance and thus failed to provide the Plaintiff and her fellow employees with workers' compensation benefits. Therefore, Plaintiff does hereby plead and claim the right to benefits and privileges accorded her under the Texas Workers' Compensation Act, and/or any other applicable law, including, but not limited to, defendant's waiver of its common law affirmative defenses at trial.

### E. Count 1 – Respondeat Superior/Negligence/Safety of Premises

# EXHIBIT 1

Case 7:14-cv-00193   Document 43   Filed in TXSD on 07/20/14   Page 3 of 7

8.     Plaintiff, MARIA TAMEZ, was an employee of Defendant, TA HSIN, INC., at the time of the incident in question.  While in the course and scope of her employment and while under Defendant's control and supervision, Plaintiff suffered serious bodily injuries as a direct result of an incident proximately caused by the negligence of Defendant, its agents, servants and/or employees who were at all times material acting within the course and scope of their agency or employment, for whom Defendant is vicariously liable based upon the doctrine of respondeat superior.  Specifically, plaintiff was seriously injured while walking to the kitchen to place an order.  As she walked into the kitchen, she slipped on green beans and fell, resulting in her injuries. The incident happened as a result of defendant's negligence in failing to provide adequate safety of its premises.  Further, Defendant's agents, servants and/or employees created the dangerous condition which caused Plaintiff's injuries.

F.  Count II – Premise Liability.

9.     Pleading in the alternative, if Defendant is not the employer of Plaintiff, then Plaintiff was an invitee on the premises which was under the control and supervision of Defendant and Defendant owed a duty of ordinary care.  Defendant is negligent by failing to reduce or eliminate an unreasonably dangerous condition, which Defendant created and/or which the Defendant knew about or should have known about, which created an unreasonable risk of harm.

G.  Count III - Negligence

10.    Plaintiff's resulting injuries were directly and proximately caused by Defendant's negligence, and the way in which Plaintiff was injured was reasonably foreseeable.  Defendant, and its agents, servants and/or employees, who were at all times acting in the course and scope of their employment, were guilty of negligence and negligence per se toward Plaintiff, MARIA

EXHIBIT 1

TAMEZ, in at least the following respects:

a. In creating a dangerous condition at the facility;

b. In failing to properly inspect the facility for defects;

c. In failing to properly repair defects on the facility;

d. In failing to properly maintain the facility in a safe condition suitable for the ordinary use of defendant's employees;

e. In failing to exercise reasonable care to reduce or to eliminate a dangerous condition on the facility;

f. In allowing a dangerous condition to remain on the premises. An entity exercising ordinary care would have discovered and removed such dangerous condition prior to the time of the plaintiff's accident and resulting injuries;

g. In failing to warn Plaintiff that an unreasonably dangerous condition remained, presenting a hazard to the Plaintiff and to other invitees and employees on the facility;

h. In failing to post warning signs or markers, or otherwise to notify the Plaintiff, and other employees and invitees, that a hazardous condition existed on the facility and constituted a threat to said employees' and invitees' safety;

i. In failing to properly train and supervise its employees so as to avoid unreasonable risk of harm to other employees through accidents such as the one giving rise to this cause of action;

j. In failing to provide a safe work environment;

k. In failing to provide Plaintiff with equipment that was safe for the use of their employees;

l. In failing to provide Plaintiff with adequate and/or reasonably competent fellow employee;

m. In failing to provide Plaintiff with adequate and/or reasonably competent supervisory personnel to supervise work activities;

n. In failing to follow company policies and procedures in allowing a known dangerous condition to persist; and

# EXHIBIT 1

    o.    In failing to take immediate action to make sure any objects are not on the floor around any work area.

## H.  Damges

11.    Said elements of damage which Plaintiff, MARIA TAMEZ, seeks to recover from the Defendants include compensation for the following:

    a.    The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

    b.    Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

    c.    Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

    d.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

    e.    Loss of earnings sustained by Plaintiff from date of injury to time of trial;

    f.    Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

    g.    Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

    h.    Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

    i.    Past and future physical disfigurement;

    j.    Past and future physical impairment; and

    k.    such other and further relief as may be required by law.

12.    In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the

# EXHIBIT 1

negligence of the Defendants herein.

13. In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

14. As such, Plaintiff, MARIA TAMEZ, affirmatively pleads that she seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

### I.  Demand Jury Trial

15. Plaintiff requests a jury trial.

### J.  Prayer

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendant a sum over $200,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiffs deemed herself entitled.

Respectfully submitted,

STERN LAW GROUP

*/s/ Jeffrey M. Stern*
JEFFREY M. STERN
SBN: 19175660
SDN: 8536
jstern@stern-lawgroup.com
4909 Bissonnet St., Suite 100
Bellaire, Texas  77401

# EXHIBIT 1

                                              713/661-9900
                                              713/666-5922 Facsimile
                                            *Attorney in Charge for Plaintiff*

## CERTIFICATE PAGE

      I hereby certify that on this 6th day of June, 2014, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by telephonic document transfer, messenger, hand delivery, express delivery, and/or certified mail, return receipt requested.

*Via Facsimile:(972)392-9889*
William Chu
4455 LBJ Freeway, #909
Dallas, Texas 75244
wmchulaw@aol.com
*Attorney for Defendants Nancy H. Tseng
and Ta Hsin, Inc.*

*Via Facsimile:(713)223-0755*
Chung Yuan Lee
C.Y. Lee Legal Group, PLLC
1305 Prairie Street, Suite 300
Houston, Texas 77002
clee@leelegalgroup.com
*Attorney for Defendants William Tseng*

                                              */s/ Jeffrey M. Stern*
                                              JEFFREY M. STERN

# EXHIBIT 1